IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR LYNN MCCLURE, | No. C 08-3959 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner has responded with a traverse. Petitioner also filed a supplemental brief in support of his petition. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1987, petitioner was sentenced to a term of seven years to life in state prison pursuant to his conviction for kidnap for robbery and assault with a deadly weapon. This petition challenges the denial of parole by the California Board of Parole Hearings in 2007. Petitioner filed habeas petitions challenging this decision in all three levels of the California courts. The Superior Court of the County of Los Angeles denied the petition in an explained opinion. The California Court of Appeal and the Supreme Court of California issued summary denials.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In this case, the last reasoned opinion is that of the superior court denying petitioner's habeas petition (Resp. Exh. 2).

**B.    ISSUES PRESENTED**

As grounds for relief, petitioner claims (1) the denial of parole violated his right to due process because it was not supported by at least "some evidence" of his current dangerousness; (2) the denial of parole violated a liberty interest protected by the federal constitutional guarantee of due process in denying parole without "some evidence" to support its decision; and (3) the denial of parole violated due process because it was based on "the unchanging facts of the crime in the face of clear evidence of rehabilitation."  As all of these claims concern whether there was sufficient evidence to support the denial of parole without violating petitioner's right to due process, they will be addressed together.

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness.  *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of current dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness.

3

*Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24, 2010) (citing *Hayward*, 603 F.3d at 561-64).

When a federal habeas court in this circuit is faced with a claim by a California prisoner that their right to due process was violated because the denial of parole was not supported by "some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15. California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1209-15); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement).

Here, the commitment offense certainly evinced dangerousness. Petitioner and his accomplice, armed with a gun, approached an unarmed woman getting out of her car, petitioner's accomplice struck her in the face and forced her into the car by her neck, they took her purse and drove her in her car to a shopping mall where they forced her to buy them clothes and shoes at two stores, petitioner ripped her necklace from her neck and demanded she write him a check for $200, and hours later they released her from her car on the side of the freeway (Resp. Exh. 1B at 8-9). Even aside from his commitment offense, there was evidence that petitioner posed a risk of current dangerousness. There was evidence of petitioner's violence from both before and after his commitment offense: he had a prior conviction for assault with a deadly weapon, and while in prison he received a serious rules violation report for fighting (*id.*

4

at 27-28, 69). In addition, there was evidence that parole had not been successful in the past, as petitioner violated parole when it was granted to him following a prior conviction for burglary (*id.* at 10-11). Moreover, petitioner repeatedly attributed his criminal history to his inability to control anger, and his demeanor at the parole hearing suggested that he continued to have difficulty managing anger; at the hearing, the Board noted petitioner "showed a lot of agitation," elevated his voice and used angry gestures during the discussion about what the victim had said about the crime (*id.* at 61-65). Lastly, there was evidence supporting the Board's finding that petitioner's parole plans were not substantial because his employment plans were too far from his residential plans and were vague as to the work he would be doing (*id.* at 52-57, 85).

Under these circumstances, the state court reasonably found that the denial of parole was supported by "some evidence" of petitioner's current dangerousness at the 2007 parole hearing, including evidence beyond the circumstances of the commitment offense. The state courts, in upholding the Board's denial of parole and denying petitioner's claims, reasonably applied California's "some evidence" requirement and reasonably determined the facts in light of the evidence presented. Accordingly, the state courts' denial of petitioner's claims was neither contrary to nor an unreasonable application of petitioner's federal constitutional guarantee of due process, and petitioner is not entitled to federal habeas relief.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

//

//

find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consequently, no certificate of appealability is warranted in this case.

    The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July __13__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\MCCLURE3959.RUL.wpd